IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID LIN,<br><br>   Defendant. | ***E-FILED - 1/5/07***<br><br>NO. CR-01-20071-RMW<br><br>ORDERS ON MOTIONS CONCERNING CHANG'S STATEMENTS TO LUIS JONES<br><br>[Docket Nos. 793 and 815] |

   Two motions are pending with respect to the anticipated testimony of Luis Jones. First, the government has moved for leave to file a motion for reconsideration and included with the reconsideration request its actual motion for reconsideration of that portion of the court's September 25, 2006 pretrial ruling that certain statements of Anthony Chang to Luis Jones inculpating David Lin are not admissible against David Lin. Second, the government has moved to exclude a particular statement of Chang to Jones that is exculpatory of Lin.

   The defendant objects to the government's request for leave, but if the motion for reconsideration is allowed, defendant seeks denial of it on the merits. The defendant also submits that the government's motion to exclude Chang's exculpatory statement should be denied.

NO.  CR-01-20071-RMW
1

The court denies reconsideration of the September 25 Order but notes that the Order only precludes the admission of the inculpatory statements for their truth. The statements may be admissible for impeachment purposes. The court grants the government's motion to exclude to the extent it seeks to preclude the admission of Chang's exculpatory statement to Jones for its truth but denies the motion to preclude its use for impeachment purposes.

**I. Reconsideration of September 25 Order Excluding Statements to Jones Regarding Delivery of Bomb**

According to statements taken by the government from Luis Jones, Chang told him that he had sent the bomb to his (Chang's) friend in California to mail to the older brother of Chang's ex-wife and that he told the friend to change the return address so it would not come back to Chang. The court found that the circumstances in which Chang made the statements about the bomb to Jones and the fact that Chang may well have been trying to impress Jones raised substantial question about the trustworthiness of the "great story" Chang related to Jones and, therefore, held that the statements are not admissible under Federal Rule of Evidence 804(b)(3).

The government in its motion for reconsideration argues that the court improperly considered the trustworthiness of the statements and should have only asked whether a reasonable person in Chang's position would have made the statements if he did not believe that they were true. Since the statements are non-testimonial and the Confrontation Clause does not apply to non-testimonial statements (*Davis v. Washington*, 126 S.Ct. 2266 (2006)), the government submits that the trustworthiness of the statements is not an admissibility requirement and that the declarant's credibility is exclusively a jury question. In its motion, the government questions whether the court believes that a requirement of a "particularized guarantee of trustworthiness" as called for in *Ohio v. Roberts*, 448 U.S. 56 (1980) survives *Davis* or that one of the requirements of Federal Rule of Evidence 804(b)(3) encompasses a showing of reliability. In either event, the government submits the court is wrong.

*Davis* does hold that a Confrontation Clause analysis is not required when considering the admissibility of non-testimonial hearsay. *Davis*, 126 S.Ct. 2274-2275. However, the scope of *Davis* is not clear. It does not seem consistent with due process that an unreliable hearsay statement made

ORDERS ON MOTIONS CONCERNING CHANG'S STATEMENTS TO LUIS JONES
NO.  CR-01-20071-RMW

2

1  by a declarant who lacks credibility and is not available for cross-examination should necessarily be
2  admissible just because the statement is one that a reasonable person would not make unless true.
3  *See White v. Illinois*, 112 S.Ct. 736, 747 (1992) (Thomas, J., with Scalia, J., concurring) ("Reliability
4  is more properly a due process concern.  There is no reason to strain the text of the Confrontation
5  Clause to provide criminal defendants with a protection that due process already provides them.");
6  *see also United States v. Thomas*, 453 F.3d 838, 843 (7th Cir. 2006) ("Where a hearsay statement is
7  found to be non-testimonial, we continue to evaluate the declaration under *Ohio v. Roberts* . . . .").
8  The court concludes that given the circumstances surrounding Chang's statements to Jones that due
9  process concerns preclude their admission for their truth.  Even if the statements are not
10 constitutionally inadmissible, Federal Rule of Evidence 403 precludes admission.  Although the
11 statements are clearly relevant, their probative value is substantially outweighed by the danger of
12 unfair prejudice.  The admission of evidence of the "great story" told to Jones by Chang, who was a
13 known liar and who may have wanted to impress Jones, presents a danger of unfair prejudice that
14 outweighs the evidence's probative value.
15     The government argues that the statements are as reliable as similar statements made by
16 Chang to Barrera which the court has ruled are admissible.  However, the circumstances under
17 which Chang made the statements to Barrera were significantly different.  Barrera and Chang were
18 living together.  Barrera observed Chang making and packaging the bomb and addressing the
19 package, so Barrera knew at least to some extent what Chang was doing.  Chang could not have
20 been trying to clear himself of wrongdoing or lessen his culpability by mentioning David.  Chang's
21 luke warm relationship with Barrera was such that he would not have felt a need to impress her; she
22 was not a friend whom Chang would have thought would have been impressed by a "great story."
23 The court finds that Chang's statements to Barrera inculpating Lin, in contrast to those made to
24 Jones, are sufficiently reliable and meet the requirements for admission under Federal Rule of
25 Evidence 804(b)(3).
26     **II.  Government's Motion to Exclude Exculpatory Statement by Chang**
27     The government seeks to exclude from evidence a statement made by Luis Jones
28 on December 7, 2004 to Postal Inspectors, specifically that "Anthony [Chang] told him that the

1 friend did not know what was in the package."  The government submits that since the statement
2 exculpates Lin, it must be corroborated before it can be admitted under Federal Rule of Evidence
3 804(b)(3) as a declaration against penal interest.  The government further contends that even if the
4 defendant can point to corroboration, the statement should be excluded under Federal Rule of
5 Evidence 403 because its probative value is outweighed by its potential prejudicial effect on the
6 government's case.  The basis for the government's contention is that in statements prior to
7 December 7, 2004 Jones had only said he had the impression that Lin did not know the contents and
8 it was only after contact with the defense investigator that he said Chang told him "his friend did not
9 know."

10 Federal Rule of Evidence 804(b)(3) provides in part: "[a] statement tending to expose the
11 declarant to criminal liability and offered to exculpate the accused is not admissible unless
12 corroborating circumstances clearly indicate the trustworthiness of the statement."  The defense
13 points to some evidence it contends corroborates Chang's statement to Jones that "his friend did not
14 know what was in the package," namely that the package was sealed and pre-addressed outside Lin's
15 presence, Lin did not wear a disguise or gloves when he mailed the package, and that Lin did not
16 flee or seek to destroy evidence.  These facts do not constitute "corroborating circumstances *clearly*
17 indicat[ing] the trustworthiness of the statement."  (Emphasis added).  Further, as discussed in
18 connection with the government's offer of statements allegedly made by Chang to Jones, the court
19 has reservations about the trustworthiness of the story Chang told to Jones and Bosarge at least with
20 respect to who was involved in the bombing.  Therefore, the exculpatory statement is not admissible
21 for its truth under Federal Rule of Evidence 804(b)(3).

22 **III. Admissibility of Chang's Statements to Jones for Impeachment**

23 The government plans to offer Chang's statement to Barrera that Chang told Lin what was in
24 the package.  Federal Rule of Evidence 806 provides:

> When a hearsay statement . . . has been admitted into evidence, the credibility
> of the declarant may be attacked, and if attacked may be supported by any evidence
> which would be admissible for those purposes if the declarant had testified as a
> witness. Evidence of a statement . . . by the declarant at any time, inconsistent with
> the declarant's hearsay statement, is not subject to any requirement that the declarant
> may have been afforded an opportunity to deny or explain.

Therefore, the defense is entitled to offer Jones' alleged exculpatory statement for impeachment purposes.[1]  The government's contention that the statement should be excluded under Federal Rule of Evidence 403 as unfairly prejudicial is not well taken.  The jury should consider inconsistent statements in evaluating the truth of the Chang's statements to Barrera.  However, if the defense offers the exculpating statement by Chang to Jones, the government would then be entitled to offer other statements by Jones to support the statements allegedly made by Chang to Barrera.

Dated: 1/4/07

RONALD M. WHYTE
United States District Judge

---

[1] This assumes that Chang actually told Jones that Lin did not know what was in the package as opposed to Jones just reaching his own conclusion.

Copy of Order mailed on 1/5/06 to:

Jane Shoemaker
Gary Fry
Assistant U.S. Attorney
150 Almaden Blvd. Suite 900
San Jose, CA 95113

    Attorneys for Plaintiff


Daniel Paul Blank
Assistant Public Defender
Federal Public Defender's Office
450 Golden Gate Ave., 19th Floor
San Francisco, CA 94102

Angela M. Hansen
Assistant Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA 95113

    Attorneys for Defendant