IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DAVID LIN,

        Defendant.

*E-FILED - 1/5/07*

Case No. CR-01-20071  RMW (PVT)

ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT HANDWRITING EXPERT

[Docket # 637]

Defendant David Lin moves to exclude the testimony of the government's handwriting expert, William Cawley III. An evidentiary hearing was held on September 20, 2006 to determine the admissibility of the proffered testimony. The court has considered the evidence presented and the arguments of counsel and hereby denies the motion.

In *United States v. Prime,* 432 F.3d 1147 (9th Cir. 2005), the Ninth Circuit affirmed the defendant's counterfeiting conviction and upheld the trial court's admission of expert testimony regarding handwriting analysis. The court pointed out that reliability should be evaluated on a case-by-case basis and that it could "neither rule out, nor rule in, for all cases and for all time the applicability of the factors mentioned in *Daubert* . . . .[1] *Id.* at 1152. However, it found the trial

---

1.    *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993).

1

ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT HANDWRITING EXPERT
Case No. CR-01-20071

court's analysis of the *Daubert* factors supported a finding of reliability sufficient to warrant admission of the analysis.

In this case, the government went through each of the *Daubert* factors and showed that an individual's handwriting is unique and can be compared, that the technique of analysis has been subject to peer review and publication—admittedly with some criticism—, that potential error rates have been quantified and are low enough to justify admission, that there are standards and they were followed in this case, and that there is general acceptance of handwriting analysis. The court is satisfied that the analysis in this case is sufficiently reliable to justify admission. The expert, William Cawley III, has been a forensic document analyst for nearly thirty years, had sufficient samples in this case, and has the highest level of certainty in his matching and elimination findings in this case.

The court does not suggest that Cawley's opinions are free from challenge. To the extent that Cawley's handwriting analysis is flawed, that fact may be brought to the jury's attention, both through cross-examination and by presenting opposing expert testimony. However, the reliability of Cawley's handwriting analysis is sufficient to allow the jury to consider it.

Defendant argues that if the handwriting analysis testimony is not entirely excluded, the court should not allow Cawley to identify the author of any document. This position finds some support. *See, e.g., United States v. Hidalgo*, 229 F.Supp. 961, 967 (D.Ariz. 2002); *United States v. Santillan*, 1999 WL 1201765 (N.D. Cal 1999). However, Cawley's ultimate opinion on authorship is inevitably linked to his handwriting comparison analysis because the two are based on the same methodology. An expert should be allowed to testify as to the conclusions he draws from his analysis. Such an opinion may assist the jury in determining a fact in issue. *See* FRE 702. The request to exclude Cawley's opinion as to the authors of the writings in question is denied.

DATED: 1/4/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

Copy of order mailed on  1/5/07  to:

Barry J. Portman
Federal Public Defender
Daniel P. Blank
Angela M. Hansen
Assistant Federal Public Defenders
160 West Santa Clara Street, Suite 575
San Jose, CA 95113

    Counsel for Defendant David Lin

Kevin V. Ryan
United States Attorney
Jane Shoemaker
Gary Fry
Assistant United States Attorneys
150 Almaden Blvd. Suite 900
San Jose, CA 95113

    Counsel for Plaintiff United States

ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT HANDWRITING EXPERT
Case No. CR-01-20071