IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID LIN,<br><br>    Defendant. | *E-FILED - 1/26/07*<br><br>NO. CR-01-20071-RMW<br><br>ORDER ON ADMISSIBILITY OF CHANG'S STATEMENTS TO LUIS JONES FOLLOWING EVIDENTIARY HEARING |

An evidentiary hearing was held on January 24, 2007 on the admissibility of statements made to Luis Jones by Anthony Chang about the pipe bomb he made and then sent to Patrick Hsu, his ex-wife Wendy's older brother, to retaliate against Wendy for leaving him. These statements were made in a conversation Jones had with Chang in late 2000 or early 2001 when they both worked for the Rio Hotel and Casino in Las Vegas. The court previously sustained the defendant's objection to certain statements by Chang to Jones from this conversation which the government sought to admit. The defendant has now changed his position and does not object to the admissibility of the statements by Chang to Jones that the government now seeks to offer nor to those previously excluded, provided that Chang's purported statement to Jones that Lin did not know what was in the package Chang asked Lin to mail is also admitted. The government contends that

1  the statement that Chang did not tell Lin what was in the package should not be admitted for its
2  truth and, if admitted at all, only to impeach Barrera's statement that Chang told her that Lin knew
3  what was in the package.
4      Jones testified at the evidentiary hearing that he is 99% sure Chang said that the person in
5  California who mailed the package did not know that it contained a bomb.

> Q    Did Mr. Chang ever tell you that the person who mailed the package knew what was in the box?
>
> A    I'm almost 99 percent sure that he told me. I don't remember the exact conversation that we had, but in that room, I'm almost sure that he told me that the person who received the package did not know what was in it.

Reporter's Rough Transcript at 184:3-9.

    The government objects to the admissibility of this statement for its truth but contends the other portion of Chang's conversation with Jones about the person who mailed the package should be admitted for its truth, specifically:

> Q    Did you ask him what he did with the bomb or how he --- how he sent it to the brother?
>
> A    I didn't ask him. He told me.
>
> Q    What did he tell you?
>
> A    He told me he put it in a box and mailed it to someone in California and then someone --- he asked someone in California to swap the labels for him and mail it for him.
>
> Q    Okay. The person in California, do you know if it was a male or female?
>
> A    It was a male.
>
> Q    Did he tell you what the person's name was?
>
> A    No. Well, if he did, I don't remember.
>
> Q    Okay. Did he indicate whether it was a friend of his?
>
> A    I believe so, yeah.
>
> Q    Now, you said that Mr. Chang told you that he asked this person in California to change the label. Can you be more specific?
>
> A    He didn't want to --- he didn't want to mail it directly because he knew that it could be tracked through the Post Office. Somehow they can track it.

|   |   |   |
|---|---|---|
| 1 |   | So he said he mailed it to California and he said something about using an old typewriter and typing up the labels. That way it can't be tracked that way. |
| 2 |   |   |
| 3 |   | And then he had somebody in California change the labels for him and then mail it from there so that it can't be tracked to Anthony. |
| 4 |   |   |
| 5 | Q | Okay. Now just a moment ago you said "labels." Are you talking about more than one label that was to be changed? |
| 6 | Q | I'm talking about the sender and the --- the --- the to label and the from label. |
| 7 |   |   |
| 8 | Q | So you're talking about the return address, as well as the label naming the — |
| 9 | A | To who it's going to, yes. |

10  Reporter's Rough Transcript at 177:10-178:22.

11   The government submits that since the statement that the person in California who mailed
12  the package (Lin) did not know what was in the package exculpates Lin, it must be corroborated
13  before it can be admitted under Federal Rule of Evidence 804(b)(3) as a declaration against penal
14  interest. Federal Rule of Evidence 804(b)(3) does provide in part: "[a] statement tending to expose
15  the declarant to criminal liability and offered to exculpate the accused is not admissible unless
16  corroborating circumstances clearly indicate the trustworthiness of the statement." As the court
17  previously noted, there are not "corroborating circumstances *clearly* indicat[ing] the trustworthiness
18  of the statement." (Emphasis added). However, the government overlooks a fundamental problem
19  with its position. Since Lin admits he mailed the package, the government's primary purpose in
20  offering the statement regarding what the California friend (Lin) was asked to do is to suggest that
21  the friend (Lin) must have known what was in the package. If Chang's statement that Lin did not
22  know what was in the package were excised, the portion of the conversation admitted would imply
23  that Lin knew what was in the package when, in fact, Chang purportedly expressly said otherwise.
24  Therefore, the admission of Chang's statement to Jones with the exculpatory portion excised would
25  be misleading and unfair. Federal Rule of Evidence 804(b)(3)'s corroborating circumstances
26  requirement was not intended to allow the government to exclude a portion of a statement so it
27  suggests something the entire statement refutes. Although the completeness rule in Federal Rule of
28  Evidence 106 only applies to writings and recorded statements and thus does not apply here, the

1  government cannot seize on the corroboration requirement of section 804(3) to excise language from
2  a statement to make the statement imply something that the entire statement refutes.
3      Since the defense has withdrawn its objection the government's proffers of statements made
4  by Chang to Jones on the condition that the exculpatory portion of the conversation is admitted and
5  the court has concluded that the exculpatory statement must be included in order to avoid an
6  incomplete and  misleading presentation of what Chang purportedly said to the California person
7  (Lin), all the proffered statements by Jones may be received in evidence.
8      This order should not be construed as authorizing the admission of opinions expressed by
9  Jones such as any opinion that Chang was truthful when he said the California friend did not know
10 what was in the package.

12 Dated: 1/26/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1  Copy of Order E-Filed/Mailed on 1/26/07 to:

2

3  Jane Shoemaker
   Gary Fry
4  Assistant U.S. Attorney
   150 Almaden Blvd. Suite 900
5  San Jose, CA 95113

6         Attorneys for Plaintiff

7

8  Daniel Paul Blank
   Assistant Public Defender
9  Federal Public Defender's Office
   450 Golden Gate Ave., 19th Floor
10 San Francisco, CA 94102

11 Angela M. Hansen
   Assistant Public Defender
12 160 West Santa Clara Street, Suite 575
   San Jose, CA 95113
13
          Attorneys for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON ADMISSIBILITY OF CHANG'S STATEMENTS TO LUIS JONES FOLLOWING EVIDENTIARY HEARING
NO.  CR-01-20071-RMW

5