IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID LIN,<br><br>    Defendant. | ***E-FILED - 2/2/07***<br><br>Case No. CR-01-20071 RMW (PVT)<br><br>ORDER ON MOTION TO SUPPRESS POST-*MIRANDA* STATEMENTS<br><br>[Docket # 858] |

Defendant David Lin moves to exclude the statements made by him at the San Jose Police Department following his arrest on April 19, 2001 when he filled out a form entitled "Investigative History File—Personal History Data" ("Personal Data Form") at the instruction of Postal Inspector Michael Casadei. Lin contends that the statements were the result of custodial interrogation made after he had asserted his *Miranda* rights. Therefore, he submits that both his written responses to information requested on the Personal Data Form and his responses to questions asked orally by Inspector Casadei, as well as observations of him when responding to those questions, should be suppressed. The government contends that the questions were merely routine booking questions and thus the responses were not given as the result of interrogation.

The court held an evidentiary hearing on January 25, 2007 and has reviewed the papers filed and heard the arguments of counsel. The court grants Lin's motion.

1
ORDER ON MOTION TO SUPPRESS POST-MIRANDA STATEMENTS
Case No. CR-01-20071

1    The parties do not dispute that defendant was in custody and had invoked his *Miranda* right
2 to remain silent at the time he was asked to fill out the Personal Data Form.  The critical question is
3 whether the written and oral responses Lin gave when filling out the form were made during
4 "interrogation" or were given in response to routine booking questions that are permitted even
5 following the invocation of *Miranda*.  The government seeks to offer evidence that defendant first
6 started to list "Topaz" as a former employer, paused and then crossed it out.  Inspector Casadei
7 thereafter had the following exchange with Lin:

8    MC: (inaudible): You started to write "topaz" and you crossed it out.  Was it like the
9    gem business or something, or did you import topaz, or . . .
10    David: No, it was another company.  Was another company.
11    MC: Did you work there?
12    David: I also worked there.
13    MC: OK, why don't you put that over . . . Was it in the gem business?
14    David: No.
15    MC: Topaz.  That's what it was called Topaz Bonaventure.
16    David: No, that's the name this is the street . . . something I don't remember . . . .
17    MC: Oh . . .What city was it in?
18    David: Hmmm . . . it's First Street _____ San Jose.
19    Background noise . . .
20    MC: Do remember what number on Bonaventure or?
21    David: 1, 0, 1, 0 something.

22    During this exchange Lin wrote on the last page of the form in the space for continuation of
23 answers:

24    Topaz Industrie
       10? Bonnaventure
25    San Jose, CA
       process eng.
26            1989 - 1990

27    Inspector Casadei interviewed Lin in an interview room at the San Jose police station and,
28

2
ORDER ON MOTION TO SUPPRESS POST-MIRANDA STATEMENTS
Case No. CR-01-20071

pursuant to San Jose policy, the interview was recorded. The Postal Inspectors routinely gather the information required by the form from witnesses and suspects whether or not they have invoked their *Miranda* rights. Although the government's explanation of the intended use of the form was somewhat general and vague, it appears that the form is basically used to maintain information useful in locating the person at a later time, if necessary. The form also calls for information used by pretrial services, although the form is not generally given to pretrial services.

In this case, Inspector Casadei knew at the time that he asked Lin to fill out the form that Lin had worked at Topaz Industries, Inc., that Topaz was located on Railroad Court in Milpitas, that Topaz was a business owned by Lin's brother, that Lin had used the Topaz address before, and that the package in which the bomb was mailed had a Railroad Court return address. Inspector Casadei acknowledged that he wanted to have Lin write "Railroad Court" for handwriting comparison purposes. When Lin paused in filling out the form and then crossed out Topaz, Inspector Casadei questioned Lin about Topaz and instructed him to write the Topaz address on the form. "Q Why did you want David Lin to put down the correct address? A Well, at that point I thought he might write Railroad Court and I was just interested in seeing if he would tell the truth about that address." Reporter's Transcript ("R.T.") 24:14-16. "Q Sir, at that point, you wanted to follow up on the word "Topaz;" is that correct? A That's correct. Q And the reason is you knew that address? A Yes. Q And you knew the significance of that address? A Basically I wanted to see if he would be truthful, and give the correct address for it, or be deceiving and not give the correct address." R.T. 59:19-60:2. Since the questioning was done to explore with Lin what he would say about Topaz, it, at this point, was clearly investigative. "Now you wanted him to write this address down for investigative purposes, is that correct? A Yes. Q That was not for booking information? A No." R.T. 26:8-12.

The law on what questioning following the invocation of *Miranda* is appropriate is clear:

> Direct questioning by a police officer that leads an accused to make inculpatory statements is the most obvious form of impermissible interrogation, but not all direct questions constitute interrogation . . . . [a] definition of interrogation that included any question posed by a police officer would be broader than that required to implement the policy of *Miranda* itself. Only questions reasonably likely to elicit an incriminating response from the suspect amount to interrogation. [R]elatively innocuous question[s] may, in light of the unusual susceptibility of a particular suspect, be reasonably likely to elicit an incriminating response. On the other hand it

3
ORDER ON MOTION TO SUPPRESS POST-MIRANDA STATEMENTS
Case No. CR-01-20071

> is relevant, but not determinative, that a question posed was not related to the crime or the suspect's participation in it . . . . questions focused on [defendant's] name, address, date of birth, height and weight. Such limited, biographical questions are permitted even after a person invokes his or her *Miranda* rights; this court and the Supreme Court generally do not view inquiries regarding general biographical information as "interrogation."

*United States v. Foster*, 227 F.3d 1096, 1102-03 (9th Cir. 2000)(internal quotation marks and citations omitted); *see Pennsylvania v. Muniz,* 496 U.S. 582 (1990)(plurality opinion)(establishing a "routine booking question" exception under which questions regarding name, address, height, weight and other general information for booking or pretrial services do not constitute interrogation); *Booth*, 669 F.2d at 1238 (ordinarily, the routine gathering of background biographical data does not constitute interrogation.)  However, if the purpose of the questions is investigatory, they may be forbidden by *Miranda* even though biographical.  *See, e.g., United States v. Poole*, 794 F.2d 462, 466 (9th Cir. 1986) opinion amended and affirmed, 806 F.2d 853 (9th Cir. 1986).

   The government appears to argue that if the questioning is that normally attendant to arrest and custody, it cannot constitute interrogation even if the government agent asking the question knows the answer may be inculpatory.  The government cites *Rhode Island v. Innis*, 446 U.S. 291 (1980) and quotes the language "[t]hat is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of police (*other than those normally attendant to arrest and custody*) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Id.* at 300-301 (emphasis added).  Although the quoted sentence taken out of context could be read to support the government's position, other cases make clear that the "booking exception" does not mean that any question asked during the booking process falls within that exception.  Law enforcement may not ask questions, even during booking, that are designed to elicit incriminatory admissions.  *See Muniz*, 496 U.S. at 602 fn. 14 (1990); *United States v. Mata-Abundiz*, 717 F.2d 1277, 1280 (9th Cir. 1983).  Therefore, Inspector Casadei's questions about Topaz and Lin's actions and response after Lin initially paused and crossed out Topaz must be suppressed.

   The closer question is whether Lin's initial pause and crossing out of Topaz in response to the question of his prior employment should be suppressed.  However, the court concludes that they

4

ORDER ON MOTION TO SUPPRESS POST-MIRANDA STATEMENTS
Case No. CR-01-20071

1  should.  Inspector Casadei had no need for Lin's prior employment information for booking
2  purposes.  However, he did want it for investigative purposes.  He wanted to get Lin to write an
3  address on Railroad Court for comparison purposes and undoubtedly wanted to see whether Lin
4  would honestly and correctly give the Topaz address.  The fact that the interview was recorded, that
5  Inspector Casadei knew about Lin's employment at Topaz, knew that Topaz was on Railroad Court,
6  knew that Topaz's address had been used by Lin as a return address and knew the package with the
7  bomb had a Railroad Court address on it all suggest that the Personal Data Form, in this case, at least
8  the prior employment section, was intended and utilized as a means of interrogation for investigative
9  purposes.

11  DATED: **2/2/07**

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

1 | Copy of order mailed on 2/2/07 to:

2 | Barry J. Portman
Federal Public Defender
3 | Daniel P. Blank
Angela M. Hansen
4 | Assistant Federal Public Defenders
160 West Santa Clara Street, Suite 575
5 | San Jose, CA 95113

6 |       Counsel for Defendant David Lin

7 | Kevin V. Ryan
United States Attorney
8 | Jane Shoemaker
Gary Fry
9 | Assistant United States Attorneys
150 Almaden Blvd. Suite 900
10 | San Jose, CA 95113

11 |       Counsel for Plaintiff United States

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

ORDER ON MOTION TO SUPPRESS POST-MIRANDA STATEMENTS
Case No. CR-01-20071