IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | *E-FILED - 2/2/07* |
| Plaintiff, | NO. CR-01-20071-RMW |
| v. | |
| DAVID LIN, | FINDING OF CHANG'S UNAVAILABILITY |
| Defendant. | |

The parties dispute whether Anthony Chang is unavailable as a witness under FRE 804(a). "'[U]navailability as a witness' includes situations in which the declarant— . . . (5) is absent from the hearing and the proponent of a statement has been unable to procure . . . the declarant's attendance or testimony . . . by process or other reasonable means." The court finds that Anthony Chang is unavailable as a witness.

Anthony Chang fled to Caracas, Venezuela on approximately April 14, 2001 prior to his indictment on May 1, 2001 as a co-conspirator with David Lin for mailing a pipe bomb with the intent to injure or kill Patrick Hsu. Defendant Lin argues that the government has made an insufficient showing of the unavailability of Chang and further argues that any unavailability results from the government's negligence. Under FRE 804(a) "[a] declarant is not unavailable as a witness if . . . absence is due to the procurement or wrongdoing of the

1 proponent of a statement for the purpose of preventing the witness from attending or
2 testifying."

3   The government has shown that Chang is currently a fugitive and that it cannot
4 procure his presence for a number of reasons including the inability to extradite him.
5 Although defendant Lin suggests that the government was negligent in allowing Chang to
6 become unavailable, the evidence at best suggests in hindsight that the government should
7 have arrested Chang sooner.  Nothing, however, suggests that the government procured
8 Chang's absence, was guilty of wrongdoing resulting in his absence or negligently allowed
9 him to flee.  Finally, even if Chang were physically present, as an indicted co-conspirator,
10 the government could not call him in its case-in-chief against defendant Lin.  Chang would
11 without question assert his Fifth Amendment privilege to avoid testifying at all in Lin's trial
12 whether or not it was severed from his.  Therefore, Chang would be considered legally
13 unavailable at trial even if he were physically present.  *See* FRE 804(a)(1) (unavailability
14 includes where the declarant is exempted by ruling of the court from testifying on the
15 ground of privilege); *see also United States v. Young Bros. Inc.*, 728 F.2d 682, 691-92 (5th
16 Cir. 1984) (although Rule 804(a)(1) literally requires the court to make a ruling on the
17 witness's assertion of the privilege, that requirement need not be met when its fulfillment
18 would be mere "formalism").

20 DATED: February 2, 2007       *Ronald M Whyte*
21                                RONALD M. WHYTE
                                   United States District Judge

FINDING OF CHANG'S UNAVAILABILITY
NO.  CR-01-20071-RMW
2

Copy of Order mailed on 2/2/07 to:

Jane Shoemaker
Gary Fry
Assistant U.S. Attorney
150 Almaden Blvd. Suite 900
San Jose, CA 95113

    Attorneys for Plaintiff

Daniel Paul Blank
Assistant Public Defender
Federal Public Defender's Office
450 Golden Gate Ave., 19th Floor
San Francisco, CA 94102

Angela M. Hansen
Assistant Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA 95113

    Attorneys for Defendant